**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

JOSHUA COLONNA JONES, *

Plaintiff, *

v. * Civil Action No. JKB-23-1887

FREDERICK COUNTY CIRCUIT COURT, *

Defendant. *

***

**MEMORANDUM OPINION**

Plaintiff Joshua Colonna Jones, who is currently confined at North Branch Correctional Institution, filed the above-captioned civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff also filed a motion for leave to proceed in forma pauperis. ECF No. 2. Because plaintiff appears indigent, the Court will grant the motion. For the reasons that follow, however, the Court will dismiss the complaint.

28 U.S.C. §§ 1915(e)(2)(B) and 1915A require this Court to conduct an initial screening of this complaint and dismiss any complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *see also Lomax v. Ortiz-Marquez*, 140 S.Ct. 1721 (2020).

Plaintiff brings this action against the Frederick County Circuit Court alleging a violation of his Sixth Amendment right to a speedy trial because he was not tried within 180 days. ECF No. 1 at 4, 5. Jones states that his attorney then did not file a motion to dismiss the charges and he ultimately plead guilty. *Id.* at 4. He seeks monetary damages and an order overturning his criminal convictions. *Id.* at 5.

The Frederick County Circuit Court docket indicates that plaintiff was indicted on August 6, 2021, and entered an Alford plea on July 20, 2022. *See State v. Jones*, Case No. C-10-CR-21-000479 (Cir. Ct. for Frederick. Cnty.), available at https://casesearch.courts.state.md.us/casesearch (last visited August 9, 2023). Currently pending in the state court criminal case is a petition for writ of habeas corpus filed on March 31, 2023. *Id.*

In this Court, plaintiff intends to pursue a civil action for damages with regard to alleged deficiencies in his criminal case, however, such a cause of action is prohibited under the Supreme Court's holding in *Heck v. Humphrey*, 512 U. S. 477, 486–87 (1994); *see Owens v. Baltimore City State's Attorney's Office,* 767 F.3d 379, 391 (4th Cir. 2014) ("*Heck* held that a prisoner may not file suit under § 1983 as long as a § 1983 judgment in his favor would imply the invalidity of his criminal conviction."). Claims challenging the legality of a conviction are not cognizable in a 42 U.S.C. § 1983 action unless and until the conviction is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus. *Heck*, 512 U.S. at 489.

Plaintiff's convictions still stand. The complaint allegations, if allowed to proceed, challenge the validity of plaintiff's criminal judgment in Maryland state court and are barred by *Heck*. Therefore, plaintiff's claims for damages regarding the alleged deficiencies in his criminal case will be dismissed without prejudice.

In addition, to the extent plaintiff asks this Court to dismiss the criminal charges against him, ECF No. 1 at 5, he may not obtain this relief in a § 1983 action. Habeas corpus is the exclusive federal remedy for state prisoners seeking release from confinement. *Preiser v. Rodriguez* 411 U.S. 475, 487–90 (1973). Plaintiff's request to dismiss his criminal convictions in this action is denied.

Based on the foregoing, plaintiff's complaint will be dismissed without prejudice. A separate Order follows.

Dated this 10 day of August, 2023.

FOR THE COURT:

James K. Bredar
Chief Judge